**Lioe Fuk SAN, a.k.a. Fuk San Lioe; et al., Petitioners,**

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

No. 06–71920.

United States Court of Appeals, Ninth Circuit.

Submitted June 16, 2009.*

Filed June 30, 2009.

Armin Skalmowski, Law Office of Armin Skalmowski, Alhambra, CA, for Petitioners.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, David V. Bernal, Attorney, Regina Byrd, Esq., DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: PAEZ, TALLMAN, and N.R. SMITH, Circuit Judges.

### MEMORANDUM [**]

Liou Fuk San and his son, natives and citizen of Indonesia, petition for review of the Board of Immigration Appeals' order dismissing their appeal from an immigration judge's decision denying their application for withholding of removal and relief under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence and will uphold the agency's decision unless the evidence compels a contrary conclusion. *Nagoulko v. INS*, 333 F.3d 1012, 1015 (9th Cir.2003). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to address petitioners' contention that they are entitled to withholding of removal and CAT relief as members of a disfavored group because they failed to exhaust the issue. *See Barron v. Ashcroft*, 358 F.3d 674, 677 (9th Cir.2004).

Substantial evidence supports the agency's determination that petitioners failed to establish the government was unwilling or unable to control the younger petitioner's attacker in the mugging incident, *see Castro–Perez v. Gonzales*, 409 F.3d 1069, 1072 (9th Cir.2005), or to demonstrate the harm petitioners suffered in the other incidents rose to the level of persecution, *see Nagoulko*, 333 F.3d at 1016–18. Substantial evidence also supports the agency's finding that petitioners did not establish an objective basis for a well-founded fear of future persecution and thus did not establish a clear probability of future persecution. *See Castro–Perez*, 409 F.3d at 1072. Ac-

cordingly, their withholding of removal claim fails.

Finally, substantial evidence supports the agency's denial of CAT relief because petitioners failed to demonstrate it is more likely than not that a government official or person acting in an official capacity would torture them or aid or acquiesce in their torture. *See Kamalthas v. INS*, 251 F.3d 1279, 1283 (9th Cir.2001).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

---

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

